The opinion of the court was delivered by
Breaux, J.
This is a suit for the canceling of an assessment on the ground that the property is exempt from taxation.
The plaintiffs are the owners of machinery known as Mergentha.ler Linotype Machines. The evidence reveals, as the principal witnesses substantially express it, that the machine is intended to manufacture lines of types on the principle that the actual metal type is manufactured, but that instead of being manufactured singly, as the ordinary type, the types are manufactured in lines, by means of moulds or matrices; that is, that instead of producing a single type it produces type metal bars with type on upper margin of the bars, to print a line.
The machine is controlled by finger keys. The type is manufactured of molten lead by the machine. The lines are produced automatically and in order, and constitute a form similar to the ordinary form consisting of single types. The type metal bars, with letters on one end, take the place on the galley, which is filled, under the old process, by the type manufactured singly.
We are informed that it is a very complicated machine and quite intricate in its movements.
Plaintiff alleges that this machine is used to manufacture other machinery, and that both the machine and the type it produces are exempt from taxation by Art. 207 of the Constitution.
The argument for plaintiffs confines the controversy to the question:
Is the manufactured line of type, or the form produced by the linotypes assembled side by side in proper order, machinery?
*1572 An affirmative answer to the question propounded would have the-effect of exempting the linotype.
The Constitution exempts only the articles of property named in the Art. 207. In addition: To be exempt by that article one must be a manufacturer.
Plaintiffs claim that the linotypes manufactured by the linotype machine are part of the machinery by which the Picayune newspaper is published, and that, as such, it is exempt from taxation.
In Nicholson and Wife vs. Tax Collector, 44 An. 76-78, this court held: “ Article 207 exempts from property tax only manufacturers of certain designated articles.”
The articles the plaintiffs claim to be exempt are not among the designated articles; the exempted articles are textile fabrics, leather, shoes, harness, saddlery, hats, flour, machinery, agricultural imple" ments and furniture and other articles of wood, marble or stone, soap, stationery, ink and paper, boat building and chocolate. (Italics ours.)
Again, in another case it was held: “ It is not sufficient, under the latter article, for them to be manufacturers simply, but they must be manufacturers of some of the particular articles specified therein.” State ex rel. Ernst & Co. vs. Assessors, 36 An. 347.
The linotypes, although they are indispensable parts of the printing machinery, are not themselves machinery.
It is admitted that they are only parts of the machinery in use in publishing the Picayune newspaper.
Without the admission: we do not think we would be justified in deciding that they are machinery and exempt.
They have not the construction of parts required to constitute machinery.
It is said in the brief for plaintiffs that the printing machine or press could not be usefully operated without them.
That is doubtless true.
May it not be said that the ordinary hammer also, or the lever, may be made an essential part of machinery. It would not for that reason be machinery. The same may be said of the needle of a sewing machine, and of many other instruments or tools, not, of themselves, machinery.
The mechanical action is entirely subordinate to the machinery. The linotype is only one of the instruments or pieces of the machinery.
*1573 Machinery is machinery collectively, the congeries. The pieces separately have not the importance of the whole machinery. In many factories and even in shops there are devices made by machinery that would be exempt, if we were to decide that pieces manufactured in those factories or shops made to do service in machinery are exempt from taxation, even although the shops or factory itself may not be exempt.
We do not think that such exemption was intended by those who adopted the article as part of the organic law.
We have given the subject our most careful consideration.
From any point of view we are totally unable to discover that plaintiffs are the manufacturers of machinery.
In addition, we must say that they are not suppliers of dealers and customers; they do not sell the linotypes. This was made a requisite of exemption from property taxation by the terms of several decisions of this court. New Orleans vs. LeBlanc & Beck, 34 An. 597; City vs. Ernst, 35 An. 747; State ex rel. Ernst & Co. vs. Assessors, 36 An. 347.
The judgment appealed from is affirmed.